# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WALLACE LOUIS TEMPLE, JR.,**
**and JILLIAN DAWN THOMAS,**

    **Plaintiffs,**

vs.   Case No. 4:19cv325-RH-CAS

**ANNICE WASHINGTON,**
**and AMBER SCULL,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The two pro se Plaintiffs have submitted an amended complaint which has been reviewed to determine if service of process should be directed. ECF No. 11. Because these claims cannot go forward, it is recommended that this case be dismissed.

Plaintiffs allege that in November 2018, the children of the Plaintiffs were removed from the custody of Plaintiff Jillian Dawn Thomas during a "temporary visit" with relatives in West Palm Beach, Florida. ECF No. 11 at 6. The amended complaint alleges that a "fraudulent report" was written by Defendant Scull and approved and "aided" by Defendant Washington. *Id.*

Plaintiffs do not explain what false statements were made in the report, nor do they explain how "illegal actions" were taken, but the result was entry of a default judgment. *Id.* The amended complaint asserts that "[t]he default judgement [sic] was issued in the Palm Beach County Court due to Plaintiff Jillian Dawn Thomas inability to travel to West Palm Beach." *Id.* Plaintiffs contend that the Defendants violated their due process rights. *Id.* at 7.

Two issues preclude this case from going forward. First, Plaintiffs cannot file a lawsuit in this Court which seeks to overturn a judicial decision made in state court. If Plaintiffs are entitled to relief, it must be pursued in the state courts of Florida. Plaintiffs may not seek appellate review of the decision of a state court in this Court because the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgment entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775

(1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)).  Thus, Plaintiffs' claims are barred in this Court and Plaintiffs must seek relief in state court.

Second, federal courts have "traditionally refrained from exercising authority over matters broadly described as 'domestic relations.'"  U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996) (citing Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)).  The authority for invoking the "domestic relations" exception originally stemmed from Barber v. Barber, 21 How. 582, 16 L. Ed. 226 (1859) in which the Supreme Court stated, albeit in dicta, "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony."  Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2209, 119 L. Ed. 2d 468 (1992) (explaining Barber, 21 How. 582).  Even though Barber "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree," the Supreme Court has "expanded the domestic relations

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony.  62 U.S. at 584.

exception to include decrees in child custody cases." Ankenbrandt, 112 S. Ct. at 2214; In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890).

Burrus involved a child-custody dispute in which it was claimed that the father was wrongfully given custody. The Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594.

The Ankenbrandt Court reaffirmed these earlier cases by concluding:

> . . . that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

Ankenbrandt, 112 S. Ct. at 2215.

Thus, this Court lacks subject matter jurisdiction to consider child custody issues. State courts have historically decided these cases and have expertise in the issues which arise. *See, e.g.,* Stevens v. Sley, 407 F.Supp. 140, 144 (D.C. Pa. 1976). Because this is a matter for a state court to decide, and because it appears that a decision has already been

made, this case should be dismissed under the "*Rooker-Feldman*" doctrine and the doctrines of comity and federalism.

It is respectfully **RECOMMENDED** that Plaintiffs' amended complaint, ECF No. 11, be **DISMISSED** for lack of subject matter jurisdiction and because it is barred by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on December 17, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**